Filed 7/1/24  Promote Mexico v. Monster Energy Company CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| PROMOTE MEXICO, LLC,<br><br>     Cross-complainant and<br>     Appellant,<br><br>     v.<br><br>MONSTER ENERGY COMPANY,<br><br>     Cross-defendant and<br>     Respondent. | B328413<br><br>(Los Angeles County<br>Super. Ct. No. 19STCV28457) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Bruce G. Iwasaki, Judge.  Affirmed in part and reversed in part.

Procopio, Cory, Hargreaves & Savitch, Kendra J. Hall, John D. Alessio, Sean M. Sullivan and Zagros S. Bassirian for Cross-complainant and Appellant.

Shook, Hardy & Bacon, M. Kevin Underhill, Marc P. Miles and Kristy A. Schlesinger for Cross-defendant and Respondent.

_____

Promote Mexico, LLC (Promote Mexico) appeals from a summary adjudication order finding Promote Mexico has a duty to defend Monster Energy Company (Monster) in a lawsuit alleging injuries to a Monster spokesmodel at an off-road racing event promoted by Promote Mexico. The order directed Promote Mexico to pay Monster's future defense costs as well as past costs retroactive to January 15, 2019, the date Monster invoked the relevant indemnity provision in an e-mail to Promote Mexico.[1]

Promote Mexico argues other language in the agreements containing the indemnity provision supersedes its duty to defend, as does a general waiver signed by six drivers from Monster's off-road racing team. Promote Mexico further argues to the extent a duty to defend exists, Monster failed to prove that duty was triggered on January 15, 2019, seven months before the spokesmodel filed her complaint. Finally, Promote Mexico argues the order directing it to pay Monster's past and future defense costs and setting deadlines for such payment exceeds the scope of Monster's summary adjudication motion.

We hold, as did the trial court, that Promote Mexico has a duty to defend Monster. We disagree with Promote Mexico that other language in the relevant agreements overrides Promote Mexico's duty to defend, or that the general waiver, signed by Monster's drivers as individuals, binds Monster.

---

[1] In the written decision granting Monster's summary adjudication motion, the trial court also granted the parties' motion to seal filings. This appeal does not challenge the grant of the sealing motion, which we regard as a separate order from the summary adjudication order. Nothing in this opinion should be read to affect the grant of the sealing motion.

We agree with Promote Mexico, however, that Monster failed to provide evidence that as of January 15, 2019, its spokesmodel had made a claim or demand triggering Promote Mexico's duty to defend Monster. The issue of when Promote Mexico's duty arose therefore remains a question for trial.

We also agree with Promote Mexico that Monster's summary adjudication motion requested a ruling only as to Promote Mexico's duty to defend, and did not request an order directing payment of past and future legal costs and setting a deadline for doing so. The trial court thus erred in adjudicating these payment issues.

Accordingly, we affirm in part and reverse in part.

## BACKGROUND

### 1. *The sponsorship agreements*

Promote Mexico is a Nevada limited liability company that "markets SCORE-branded off-road racing events." In 2016 and 2017, Monster and Promote Mexico executed two agreements, retroactive to January 1, 2016, entitled "Television Sponsorship Agreement" and "Sponsorship Agreement."[2] The agreements concerned Monster's involvement in SCORE World Desert Championship off-road race series and related events, including the Baja 1000. These events are referred to in the agreements as "Events" or, in the singular, "Event."

The agreements contain materially identical provisions under paragraph 6.01 stating, in relevant part, "[Promote

---

[2] Promote Mexico is identified in the agreements and elsewhere in the record as Score International, the name under which Promote Mexico was doing business.

Mexico] shall indemnify, protect, defend and hold harmless [Monster] . . . from and against any and all claims, liabilities, losses, damages, injuries, demands, actions, causes of action, suits, proceedings, judgments and expenses . . . arising from or connected with:  (i) any breach by [Promote Mexico] of any provision of this Agreement or any representation or warranty made by it herein; (ii) any negligent act or omission to act of [Promote Mexico], its employees, servants and agents; and/or (iii) any death or injury to any person or damage to any property related to the Event by the actions of [Promote Mexico], its respective employees, servants, and agents."

The agreements each contain another provision in paragraph 6.11 stating, in relevant part, that Monster "will be solely responsible for all wages, income taxes, worker's compensation and any other requirements for all personnel it supplies pursuant to this Agreement."

The television sponsorship agreement contained additional language in paragraph 6.01 requiring Monster to indemnify and defend Promote Mexico under specified circumstances.  That language is not at issue in this appeal.

2.    *Complaint and cross-complaints*

On August 12, 2019, Magda Angel filed a complaint against Monster and others arising from injuries she allegedly suffered at the 2018 Baja 1000 race when she was struck by one of the race vehicles.  Angel alleged that at the time of the accident, she was an independent contractor working at the race as one of Monster's spokesmodels.  Angel alleged Monster had been negligent for "fail[ing] to adopt safety policies, procedures, rules and/or guidelines; fail[ing] to provide safety training, instruction, warnings, security, supervision and/or staffing; and fail[ing] to

4

protect [Angel] from unexpected and hidden risks, hazards and dangers associated with the 2018 Baja 1000 events." Angel did not name Promote Mexico in the complaint.

On October 28, 2019, Monster filed a cross-complaint against Promote Mexico (identified as Score International) and others for express indemnity, breach of contract, implied equitable indemnity, comparative indemnity, contribution, apportionment, and declaratory relief. Monster sought, inter alia, defense and indemnity from Promote Mexico for Angel's claims, citing the sponsorship agreements.

On January 7, 2020, Promote Mexico cross-complained against Monster and others, also seeking defense and indemnity from Monster under the sponsorship agreements.

On August 18, 2020, Angel filed an amendment to her complaint substituting Promote Mexico as a Doe defendant. A year later, on August 29, 2022, Angel filed her first amended complaint, which, unlike her original complaint, included allegations that Promote Mexico had negligently failed to protect her from the accident.

### 3. *Motion for summary adjudication*

On January 5, 2023, Monster moved for summary adjudication of one issue: whether Promote Mexico has a duty to defend Monster under paragraph 6.01 of the agreements against Angel's claims. Monster contended the duty arose on January 15, 2019, seven months before Angel filed her complaint, when Monster claimed to have tendered defense of the "anticipated lawsuit." Monster asked for "an order finding that [Promote Mexico] has an immediate duty to defend Monster in this action."

As evidence, Monster submitted an e-mail dated January 15, 2019, from Monster's counsel to a representative of

5

Promote Mexico. In the e-mail, Monster's counsel referred to earlier conversations and disagreed with Promote Mexico's position, apparently stated earlier, that Promote Mexico "has no responsibility or liability for the accident." The e-mail also stated, "Pursuant to Section 6.01 of the agreement, [Promote Mexico] is further required to indemnify, protect, defend and hold harmless Monster and its affiliated corporations against any and all claims arising from or connected with any negligent act of [Promote Mexico] or any injury to any person related to the event by the actions of [Promote Mexico], its employees, agents or servants. [¶] Based on the foregoing, Monster hereby demands that [Promote Mexico] indemnify, protect, defend and hold harmless Monster for Ms. Angel's injuries. [Promote Mexico] should place all of its insurers on notice of a claim and provide Monster with all insurance policies that may provide coverage for Ms. Angel's injuries. Monster further requests that [Promote Mexico] meaningfully participate in any and all negotiations with Ms. Angel to resolve any claims related to her injuries."

Promote Mexico opposed the motion, arguing, inter alia, that under paragraph 6.11 of the agreements, Monster was " 'solely responsible' " for injuries to personnel supplied by Monster.[3] Promote Mexico further argued Monster was bound by a separate indemnity agreement and covenant not to sue

---

[3] Promote Mexico also contended the agreements did not impose a duty to defend unless the complaint alleged injuries caused by Promote Mexico's actions and did *not* allege Monster's own active negligence, conditions Promote Mexico argued did not exist in this case. The trial court rejected this argument, and Promote Mexico does not reassert it on appeal.

executed by "twelve Monster Energy Off-Road Team racers" who participated in the race.

As evidence in support of this last point, Promote Mexico submitted a "General Waiver, Release, Consent and Indemnification Agreement" (underscoring & some capitalization omitted) that appears to be signed by six people, the first identified under the signature line as "Participant" and " 'Driver of Record' " and the other five identified as "Participant" (some capitalization omitted).  That agreement states, in relevant part, "I hereby agree that I, my assigns, spouse, heirs, beneficiaries, agents, guardians, legal representatives, team members, staff, family and individuals affiliated with my race efforts will not make any claim against, sue, or attach the property of . . . Promote Mexico, LLC, dba SCORE Marketing [and other identified 'Releasees'] for any injury or damage resulting from the negligence or other acts, howsoever caused, by any of the Releasees as a result of my participation in the Event and Related Activities, associated functions and use of the facilities.  I hereby agree to release, discharge, defend, indemnify and hold Releasees harmless from all liability, actions, claims, demands, charges, expenses, attorney's fees of any nature that I, my assignees, spouse, heirs, beneficiaries, agents, guardians, legal representatives, team members, staff, family and individuals affiliated with my race efforts now have or may hereafter have for injury or damage resulting from, related to or connected with my participation in the Event and Related Activities, associated functions and use of the facilities."  (Boldface omitted.)

Monster began its reply by emphasizing its motion "sets forth one issue—whether [Promote Mexico] has a duty to defend Monster against Plaintiff's claims of injury.  This is the only

7

question pending before the Court and represents Monster's Fifth Cause of Action for Declaratory Relief." Monster disputed all of Promote Mexico's arguments and concluded by asking the trial court to "issue an order finding that [Promote Mexico] has had a duty to defend Monster in this action from January 15, 2019."

4. *Grant of summary adjudication*

Following hearing, the trial court adopted its written tentative decision granting Monster's motion for summary adjudication. The court found Promote Mexico had a duty to defend Monster against Angel's claims, a duty that arose upon Monster's January 15, 2019 e-mail demanding that defense. The court rejected Promote Mexico's argument that paragraph 6.11 of the agreement obviated the duty, ruling paragraph 6.11 "has no application here; undertaking to pay [Monster's] own employees does not indicate any limitation on a right to a defense."

The trial court's written decision did not address Promote Mexico's argument that Monster was bound by the general waiver signed by Monster's racing team members. At the hearing, Promote Mexico stated the terms of the sponsorship agreements "were then modified through the subsequently executed general release which Monster does not address at all," but provided no additional argument on the point, and the court and the parties did not discuss it further.

The trial court ordered Promote Mexico "to pay Monster's reasonable and necessary defense fees and costs retroactive to the date of tender. To that end, Promote Mexico shall pay to Monster all fees and costs incurred by Monster from January 15, 2019 to the present in defending (but not prosecuting) this matter. Such payment shall be made within 45 days of Promote Mexico's counsel being served with documentation of such fees and costs.

8

Thereafter, Promote Mexico shall pay invoices for Monster's defense in this action within 45 days of written notice to Promote Mexico's counsel in this matter."

Promote Mexico timely appealed. The next month, Promote Mexico filed its own motion for summary adjudication contending Monster owned Promote Mexico a reciprocal duty to defend based on other language in the sponsorship agreements. The trial court denied the motion.[4] That denial is the subject of a separate writ proceeding before this court, *Promote Mexico, LLC v. Superior Court*, case No. B332617, in which we issued an order to show cause.

## APPEALABILITY

Summary adjudication orders finding a duty to defend normally are not appealable, but here the trial court additionally ordered Promote Mexico to pay Monster's past and future defense expenditures, an order which is appealable. (*Watts Industries, Inc. v. Zurich American Ins. Co.* (2004) 121 Cal.App.4th 1029, 1038.) "Since the latter depends on the former, to review it, we must review both. As such, the summary adjudication and payment order together constitute a collateral final judgment that is appealable." (*Ibid.*)

## STANDARD OF REVIEW

" 'A motion for summary judgment or summary adjudication is properly granted only when "all the papers submitted show that there is no triable issue as to any material

---

[4] We take judicial notice of Promote Mexico's motion for summary adjudication and the order denying it. (Evid. Code, §§ 452, subd. (d), 459.)

9

fact and that the moving party is entitled to a judgment as a matter of law." ' [Citations.]  We review a ruling on summary judgment or summary adjudication de novo and 'decide independently whether the facts not subject to triable dispute warrant judgment for the moving party or a determination a cause of action has no merit as a matter of law.' [Citation.]  In so doing, we liberally construe the evidence in favor of the party opposing the motion and resolve all doubts concerning the evidence in their favor." (*Campbell v. FPI Management, Inc.* (2024) 98 Cal.App.5th 1151, 1161.)

Agreements providing for indemnity and defense are "construed under the same rules as govern the interpretation of other contracts.  Effect is to be given to the parties' mutual intent [citation], as ascertained from the contract's language if it is clear and explicit [citation].  Unless the parties have indicated a special meaning, the contract's words are to be understood in their ordinary and popular sense." (*Crawford v. Weather Shield Mfg., Inc.* (2008) 44 Cal.4th 541, 552 (*Crawford*).)

The parties agree the terms of the trial court's payment order are reviewed for abuse of discretion.

## DISCUSSION

### A.    Promote Mexico has a Duty To Defend Monster

On appeal, Promote Mexico does not dispute that when viewed in isolation, paragraph 6.01 of the sponsorship agreements imposes a duty on Promote Mexico to defend Monster against Angel's claims.  That paragraph requires Promote Mexico to "defend" Monster "from and against any and all claims, liabilities, losses, damages, injuries, demands, actions, causes of action, suits, proceedings, judgments and expenses . . . arising

10

from or connected with . . . any negligent act or omission to act of [Promote Mexico], its employees, servants and agents; and/or . . . any death or injury to any person or damage to any property related to the Event by the actions of [Promote Mexico], its respective employees, servants, and agents."

Here, Angel alleged in her first amended complaint that she sustained physical injuries at one of Promote Mexico's race events because of Monster's and Promote Mexico's negligence. Under paragraph 6.01, Promote Mexico has a duty to defend Monster, at least as of the filing of the first amended complaint.[5]

As it did below, Promote Mexico argues its duty to defend under paragraph 6.01 nonetheless is superseded by paragraph 6.11 of the same agreements, and by the general waiver purportedly executed by Monster's race team drivers. We disagree.

### 1. *Paragraph 6.11 does not override paragraph 6.01's defense obligation*

Paragraph 6.11 states Monster "will be solely responsible for all wages, income taxes, worker's compensation and any other requirements for all personnel it supplies pursuant to this Agreement." Promote Mexico contends this provision makes Monster, and only Monster, responsible for all requirements of its personnel, including responsibility for their safety and protection,

---

[5] We express no opinion whether Angel's original complaint or other event preceding the first amended complaint implicates Promote Mexico's conduct for purposes of triggering Promote Mexico's defense obligations under paragraph 6.01. As we discuss *post*, the date when Promote Mexico's duty arose remains an issue for trial.

11

and " 'legal responsibility for claims related to their attendance' " at the race.

We agree with the trial court that this is not a reasonable construction of the contractual language. "*Noscitur a sociis* means that 'a word takes its meaning from the company it keeps. [Citation.] Under this principle, courts will adopt a restrictive meaning of a listed item if acceptance of a broader meaning would make other items in the list unnecessary or redundant, or would otherwise make the item markedly dissimilar to the other items in the list.' [Citation.]" (*DeMarinis v. Heritage Bank of Commerce* (2023) 98 Cal.App.5th 776, 791 (*DeMarinis*).)

The items listed in paragraph 6.11—"wages, income taxes, worker's compensation"—indicate the intent of the paragraph is to ensure that, by entering into the sponsorship agreements, Promote Mexico was not thereby taking on responsibility for paying salaries, taxes, workers' compensation insurance premiums, and similar human resources concerns on behalf of Monster's personnel. In other words, Promote Mexico was not becoming a quasi-employer of Monster's personnel. The paragraph says nothing about liability for injuries, which instead is the subject of paragraph 6.01. To read "any other requirements" under paragraph 6.11 to include such liability " 'make[s] the item markedly dissimilar to the other items in the list,' " and we reject that reading. (*DeMarinis*, *supra*, 98 Cal.App.5th at p. 791.) For the same reason, we reject Promote Mexico's argument that paragraph 6.11 makes Monster solely responsible for properly training its employees to ensure their safety, a requirement which, again, is "markedly dissimilar to" payroll, taxes, and worker's compensation insurance.

12

Promote Mexico contends a declaration submitted by its former manager contradicts our interpretation. The former manager declared that he interpreted paragraph 6.11 to impose "sole legal responsibility" on Monster "for claims related to [Monster spokesmodels'] attendance at the Events," and also to impose on Monster the responsibility for "instructing, training, advising, and supervising its personnel." Promote Mexico provided no evidence it informed Monster of this understanding of the language when the agreements were executed, or that Monster shared that understanding. "[E]vidence of the undisclosed subjective intent of the parties is irrelevant to determining the meaning of contractual language," and therefore is not "competent extrinsic evidence" creating a dispute of material fact. (*Winet v. Price* (1992) 4 Cal.App.4th 1159, 1166, fn. 3, italics omitted.)

### 2. *Promote Mexico fails to show Monster is bound by the general waiver signed by the drivers*

Promote Mexico characterizes the general waiver as "executed by Monster, through its Monster Energy Race Team members." Assuming arguendo the general waiver is authentic and signed by race drivers affiliated with Monster, Promote Mexico nonetheless fails to show those drivers signed the waiver on behalf of Monster as opposed to themselves, individually.

Promote Mexico contends the drivers were Monster's agents, and therefore could bind Monster with the general waiver. "An agent is one who represents another, called the principal, in dealings with third persons." (Civ. Code, § 2295.) " ' "The essential characteristics of an agency relationship . . . are as follows: (1) An agent or apparent agent holds a power to alter the legal relations between the principal and third persons and

13

between the principal and himself; (2) an agent is a fiduciary with respect to matters within the scope of the agency; and (3) a principal has the right to control the conduct of the agent with respect to matters entrusted to him. [Citation.]" [Citations.]' [Citation.]" (*Garlock Sealing Technologies, LLC v. NAK Sealing Technologies Corp.* (2007) 148 Cal.App.4th 937, 964.)

Promote Mexico provided no evidence Monster had granted the drivers power to alter Monster's legal relationship with Promote Mexico, or that the drivers were fiduciaries as to Monster. Nothing in the waiver itself indicates an intent to bind Monster. To the contrary, the signature lines recite execution not as representatives of Monster, but as a "Participant" or " 'Driver of Record' " (some capitalization omitted). Although the drivers may work for or be affiliated with Monster, that alone is not enough to establish agency absent satisfaction of the elements in *Garlock Sealing Technologies*.

## B. Triable Issues Remain as To When Promote Mexico's Duty To Defend Was Triggered

Although we agree with the trial court that Promote Mexico has a duty to defend Monster, we do not agree the evidence supported a finding for purposes of summary adjudication that the duty was triggered on January 15, 2019.

Again, paragraph 6.01 requires Promote Mexico to "indemnify, protect, defend and hold harmless [Monster] . . . from and against any and all claims, liabilities, losses, damages, injuries, demands, actions, causes of action, suits, proceedings, judgments and expenses . . . arising from or connected with" negligent acts or omissions by Promote Mexico, or death or injury related to the race "by the actions of" Promote Mexico. This language imposes two general requirements to trigger the duty to

14

defend:  First, a party must make a claim, demand, complaint, or similar request for redress against Monster, and second, that request for redress must implicate Promote Mexico's negligence or, in the case of death or injury related to the race, "the actions of" Promote Mexico.

As of January 15, 2019, Angel had yet to file her complaint against Monster, and would not do so for another seven months. Promote Mexico concedes, however, the agreements do not require a formal lawsuit to trigger a duty to defend.  Promote Mexico acknowledges, "A claim, supported by some facts alleging Promote Mexico's conduct was a potential cause of the accident, may have been enough."  (See *Stein v. International Ins. Co.* (1990) 217 Cal.App.3d 609, 613 [" 'A claim . . . is a demand for something as a right, or as due.  A formal lawsuit is not required before a claim is made.' "].)

Still, to establish for purposes of summary adjudication a trigger date of January 15, 2019, Monster at minimum would need to offer evidence that as of that date, Angel had made some sort of prelitigation claim, demand, or similar request against Monster implicating Promote Mexico's conduct.  (See *Crawford*, *supra*, 44 Cal.4th at p. 558 [a duty to defend "is owed" on claims that, "at the time of tender, allege facts that would give rise to a duty of indemnity" under the relevant agreement (italics omitted)].)

Monster did not meet this burden.  The record contains no evidence of communications between Monster and Angel or her representatives in which Angel made a prelitigation claim, demand, or similar request against Monster at all, much less one that alleged Promote Mexico was responsible for her injuries or otherwise implicated Promote Mexico's conduct.  The only

15

evidence Monster offered to establish the January 15, 2019 date was Monster's e-mail to Promote Mexico, which refers to an accident, states Monster's belief that Promote Mexico is partly responsible or liable, and demands a defense. The e-mail does not refer to communications with Angel or anything else that might indicate Angel had made a claim, demand, or similar request triggering Promote Mexico's duty to defend.

Monster argues, "[A] formal tender is not necessarily required in order to trigger [the duty to defend], if the party already has sufficient facts to put it on inquiry notice." Monster contends its e-mail, which refers to previous conversations between Monster and Promote Mexico, indicates "Promote Mexico was on at least constructive notice even before" the January 15, 2019 e-mail.

The issue here is not the adequacy of Monster's notice, but the threshold issue whether, as of January 15, 2019, the date of Monster's purported tender, Angel had, in fact, made a claim, demand, or similar request implicating Promote Mexico's conduct. Put another way, we need not reach the issue of adequacy of notice if Monster has not established Angel made a claim in the first place. As discussed, Monster offered no evidence Angel had made any claim at all by January 15, 2019, and therefore, irrespective of the adequacy of the notice, Monster failed to establish that Promote Mexico's duty to defend arose on that date. The trial court should not have granted summary adjudication on that issue, and instead have left it for trial.

Promote Mexico asks us to direct the trial court to find that Promote Mexico's duty to defend did not arise until August 29, 2022, when Angel filed her first amended complaint adding allegations of Promote Mexico's negligence. Assuming arguendo

16

we may direct the trial court to make findings on summary adjudication other than those requested by the movant, Monster's inadequate evidentiary showing on summary adjudication does not compel the conclusion that Promote Mexico's proposed trigger date is correct. Our reversal of the trial court's summary adjudication as to the trigger date of the duty to defend merely leaves that an issue for trial.

In so holding, we do not suggest that the duty to defend necessarily arose either on January 15, 2019 or August 29, 2022, as opposed to some other date, and this opinion should not be read to limit the parties' arguments or the trial court's findings on that question.

## C. The Payment Order Exceeded the Scope of Monster's Motion for Summary Adjudication

Promote Mexico argues the trial court improperly decided issues not raised in Monster's summary adjudication motion when the court directed Promote Mexico to pay Monster's defense costs retroactive to January 15, 2019, as well as future costs upon 45 days' notice. We agree.

Monster's summary adjudication motion requested solely a determination that Promote Mexico owed a duty to defend Monster as of January 15, 2019. Monster did not request a retroactive or future payment order, and submitted *no* evidence of legal expenditures incurred. As far as the record indicates, the issue of payment did not arise until the trial court's tentative decision.

"Where only certain claims or defenses are raised" in a motion for summary adjudication, "the court has no power to adjudicate others." (Weil et al., Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2022) ¶ 10:86; see

*Maryland Casualty Co. v. Reeder* (1990) 221 Cal.App.3d 961, 974, fn. 4 [trial court lacked power to resolve insurance coverage issues not identified as discrete issues in summary adjudication motion].)  This principle is a matter of fairness—because Monster did not raise the issue of retroactive or future payment in its motion, the parties had no opportunity to brief it before the trial court.

Thus, although the trial court properly found Promote Mexico has a duty to provide for Monster's defense against Angel's claims, the court had no basis on summary adjudication to order Promote Mexico to pay Monster's past and future defense costs and impose deadlines for doing so.  We thus reverse the order and do not reach Promote Mexico's alternative arguments on this issue.

In our opinion in *Promote Mexico, LLC v. Superior Court*, case No. B332617, issued concurrently with this opinion, we conclude the trial court erred in interpreting the television sponsorship agreement not to impose a duty on Monster to defend Promote Mexico from Angel's claims, and remand for the trial court to consider Monster's alternative argument that the agreement is void because Promote Mexico's representative's signature was forged.  If on remand the trial court in case No. B332617 rejects this argument, and thus there is no triable issue as to Monster's duty to defend Promote Mexico, we leave it to the trial court to determine in the first instance the appropriate procedure to effect the reciprocal defense obligations. Nothing in this opinion should be read to limit the trial court's discretion.

If instead the trial court in case No. B332617 finds on remand there is a triable issue as to whether the television

18

sponsorship agreement is void, we express no opinion how or whether that finding would impact the trial court's ruling at issue in this appeal. The parties to this appeal have not raised that issue nor provided a record from which we can address it.

## DISPOSITION

The order granting summary adjudication is affirmed to the extent it rules Promote Mexico, LLC has a duty to defend Monster Energy Company. The order otherwise is reversed. The parties shall bear their own costs on appeal.

<u>NOT TO BE PUBLISHED.</u>

BENDIX, Acting P. J.

We concur:

CHANEY, J.

WEINGART, J.

19